1   STEVEN A. WILSON, ESQ.
NEVADA BAR NO. 5828
2   LAW OFFICE OF STEVEN A. WILSON, LTD.
511 LINDA KAY COURT
3   CARSON CITY, NV 89701
TELEPHONE: (775) 882-5545
4   FACSIMILE: (775) 882-3404

5   Attorney for Plaintiff
LAWRENCE BERNARD

6

7

8

9                          UNITED STATES DISTRICT COURT

10                          DISTRICT OF NEVADA

11  LAWRENCE BERNARD,                      )
                                           )
12                         Plaintiff,       )DOCKET NO. CV-N-06-247
           vs.                             )
13                                         )
    UNITED STATES OF AMERICA,              )
14                                         )
                                           )
15                         Defendant.       )
    _____/

16

17          **PETITION FOR REVIEW OF INTERNAL REVENUE SERVICE**

            **LEVY ACTION UNDER 26 U.S.C. §6330(d)**
18

19          1.  This is a suit arising under the laws of the Internal Revenue Code for a judicial review of a

20  levy determination by the Internal Revenue Service pursuant to 26 U.S.C. §6330(d).  Jurisdiction is

    conferred upon this Court by 28 U.S.C. §1340.
21

22          2.  Plaintiff, LAWRENCE BERNARD, resides in Reno, Nevada.  All or a substantial part of the

23  events giving rise to this action occurred within the District of Nevada.  Plaintiff is also subject to

    personal jurisdiction in the District of Nevada.  Accordingly, venue lies in the above-entitled judicial
24
    district pursuant to 28 U.S.C. §1391(e).
25
            3.  Defendant is the United States of America.
26
            4.  Defendant, by and through the Internal Revenue Service, issued a Notice of Determination
27

28                                              1

Concerning Collection Action(s) Under Section 6320 and/or 6330 to Plaintiff dated April 11, 2006. The IRS determination was made pursuant to 26 U.S.C. §6330. This notice was issued by the Internal Revenue Service Appeals Office, Sacramento, California. A copy of said notice is attached hereto as Exhibit A and is hereby incorporated by reference.

5. The amounts and periods in issue are as follows:

| PERIOD | KIND OF TAX/FORM # | AMOUNT OF LIABILITY |
|---|---|---|
| 03/31/1997 | Civil Penalty/Trust Fund | $271,303.48, plus accruals |

6. Plaintiff disputes the amount due. Plaintiff has been attempting since June 10, 2005 to obtain a copy of the Internal Revenue Service's administrative file regarding the assessment of this penalty. By letter dated September 14, 2005, the Internal Revenue Service advised Plaintiff that it could not locate the administrative file. The Internal Revenue Service in April 2006 now claims to have found the file, but a copy has still not been provided in response to Plaintiff's pending Freedom of Information Act Request. Furthermore, Plaintiff does not recall ever receiving a notice from the Internal Revenue Service providing him an opportunity to challenge the assessment of the trust fund penalty.

7. The United States Tax Court does not have jurisdiction over employment taxes and therefore, the United States Tax Court does not have jurisdiction over this matter.

8. Defendant erred in the following findings in the Notice of Determination:

a. Enforced collection action against Plaintiff is warranted.

b. A $550.00 per month installment agreement during the period Plaintiff is challenging the correctness of the trust fund penalty assessment is not a viable collection alternative.

c. That the determination balances the need for efficient collection with the legitimate concerns of the Plaintiff that any collection action **be no more intrusive than necessary (emphasis added).**

d. That the proposed levy is legally and procedurally correct.

9. The facts upon which the Plaintiff relies, as the basis of the Plaintiff's case, are as follows:

a. The Internal Revenue Service assessed the trust fund penalty against Plaintiff on December 22, 1997 in the amount of $170,754.70 for the period ended March 31, 1997.

2

b.  The trust fund penalty amount is actually based upon periods other than March 31, 1997.  The IRS has not yet furnished a document explaining the basis for the amount of the asserted penalty.

c.  The trust fund penalty was assessed in connection with employment taxes incurred, but not paid, by Workers Compensation Legal Clinic, Inc., which is no longer in business.

d.  Plaintiff, based upon information and belief, never received a notice from the Internal Revenue Service providing him an opportunity to challenge the trust fund assessment.

e.  The Internal Revenue Service, to date, has failed to provide Plaintiff the administrative file, which contains all documents necessary to determine the correctness of the assessment, as well as whether all administrative procedures were properly followed in assessing the penalty.  Plaintiff's request for this file has been pending since June 10, 2005.

f.  Plaintiff's proposal that he make monthly payments of $500.00 per month until the parties have an opportunity to review the correctness of the liability is a viable collection alternative.

g.  Plaintiff further proposed that once the correctness of the liability is determined, that the parties would revisit appropriate collection alternatives so that the correct liability would be promptly resolved.

h.  The proposed collection action by the Internal Revenue Service is the most intrusive means of collection, and does not attempt to balance the concerns of the government and the Plaintiff.

i.  A viable collection alternative is for the Plaintiff to make monthly payments of $500.00 per month until the correctness of the trust fund liability is determined.

WHEREFORE, Plaintiff prays for judgment that Defendant erred as alleged in the assignments of error set forth in paragraph 8 above; and a determination that a reasonable collection alternative to levy action is for Plaintiff to make monthly payments of $500.00 per month until the correctness of the trust fund penalty is determined, and for other and further relief as this Court may deem appropriate.

Dated: May 2, 2006

_____/s/_____
STEVEN A. WILSON, ESQ.
Attorney for Plaintiff
LAWRENCE BERNARD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Julie K. Wisbar, hereby declare and state:

I am over the age of eighteen years, employed by the Law Office of Steven A. Wilson, LTD., in the City of Carson, Carson County, Nevada, and not a party to the within action.  My business address is 511 LINDA KAY COURT, Carson City, NV 89701.

On <u>May 2, 2006</u>, I served the following:

SUMMONS AND PETITION FOR REVIEW OF INTERNAL REVENUE SERVICE LEVY ACTION UNDER 26 U.S.C. §6330(d)  on the following in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid (certified mail) in the United States Postal Service mail at Carson City, Nevada, addressed as follows:

> United States Attorney's Office
> Nevada District
> 100 West Liberty Street, Suite 600
> Reno, NV 89504
>
> Attorney General of the United States
> Tax Division
> Department of Justice
> P.O. Box 683
> Ben Franklin Station
> Washington, D.C. 20044
>
> Internal Revenue Service
> APPEALS OFFICE
> 3310 EL CAMINO AVENUE
> SUITE 170
> SACRAMENTO, CA 95821-6318

I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  The envelope above was sealed and will be deposited today with the United States Postal Service in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>May 2, 2006</u> at Carson City, Nevada.

/s/_____
JULIE K. WISBAR
